# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41026
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BERNARDINO SANCHEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-19

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Bernardino Sanchez challenges his 210-month sentence, imposed following his guilty-plea conviction for aiding and abetting hostage taking, in violation of 18 U.S.C. §§ 1203 and 2. He asserts the court committed reversible error in enhancing his offense level by six, pursuant to Sentencing Guideline § 2A4.1(b)(1) (six-level increase for ransom demand), based on a ransom demand of $700,000. Claiming he believed the kidnapping was performed to

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

collect a debt the victim's father owed a co-conspirator, Sanchez asserts a ransom demand was not reasonably foreseeable, and, therefore, the enhancement was imposed erroneously.

As discussed below, this court conducts a bifurcated review of a sentence for reasonableness. *E.g., United States v. Fernandez*, 770 F.3d 340, 342 (5th Cir. 2014). Assessed initially is whether a significant procedural error, such as improperly calculating the Guidelines-sentencing range, was committed by the court. *Id.* Along that line, although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Guideline § 2A4.1(b)(1) provides for a six-level enhancement of an offense level if, *inter alia*, "a ransom demand . . . was made". A defendant involved in a "jointly undertaken criminal activity" is subject to the enhancement for "all reasonably foreseeable acts and omissions of others in furtherance of . . . [such] activity". U.S.S.G. § 1B1.3(a)(1)(B).

As in *Fernandez*, Sanchez' claim fails. There, a co-defendant of Sanchez' made the claim made here by Sanchez: he believed the kidnapping in which he participated related to a debt owed by the victim's father; and the ransom demand was not reasonably foreseeable. 770 F.3d at 342. Our court upheld application of the enhancement, holding: "the ransom enhancement applies anytime a defendant demands money from a third party for a release of a

victim, regardless of whether that money is already owed to the defendant". *Id.* at 343 (citation and internal quotation marks omitted). Accordingly, Fernandez' belief that he and his co-conspirators would demand repayment of a debt was a sufficient basis for applying the enhancement. *Id.*

AFFIRMED.